UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH TISDALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-CV-00596-SRW |
| | ) |
| CITY OF ST. LOUIS and STATE OF MISSOURI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Isaiah Tisdale's motion for leave to proceed in forma pauperis. The Court has reviewed the motion and the financial information therein, and has determined to grant the motion. The Court has also reviewed the complaint, and will dismiss this action without prejudice and deny as moot Plaintiff's motion to appoint counsel.

### Legal Standard on Initial Review

This Court must review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a

plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone,* 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against the City of St. Louis and the State of Missouri. In the section of the form complaint provided for him to identify the federal statutes or constitutional provisions at issue, he writes "All Applicable." (ECF No. 1 at 3). In the section of the form complaint provided for him to set forth his statement of claim, he indicates he was kidnapped

and subject to theft and false imprisonment during his incarceration at the St. Louis City Justice Center in the spring of 2023. He states he was sprayed with mace, beaten by one Officer Jones, jumped, stabbed, assaulted, threatened with bug spray, and not given medical attention. He does not allege facts in support of those statements. As relief, Plaintiff seeks damages in an unspecified amount.

In a typewritten attachment to the complaint, Plaintiff identifies himself as "defined and revised by Missouri statutes as an Authorized Representative for ISAIAH TISDALE, a corporation . . .". (ECF No. 1-1 at 1). He states he "expressly reserves all rights under Missouri State and International Law, specifically, the Uniform Commercial Code 1-308 as well as International Treaties and other Common Law and Superior Court decisions." *Id.* at 2. He claims that "Peace Officers in this country" exceed their authority by conducting warrantless arrests, which amounts to "terroristic acts of war" and a "War Crime in violation of the Geneva Convention . . .". *Id.* at 3. He claims there is a conspiracy involving the "District Attorney's office" to prosecute him, and he challenges the State of Missouri's authority to enforce its laws against him. *Id.* He writes:

> Failure to respond will be deemed Nihil Dicit Tacit Acquiescence and constitutes agreement with the fact stated within the attached AFFIDAVIT and as an acceptance of liability. Traitors, Protestants, Liberals and Heretics take heed for [I] oppose your causes for I am a dignitary to assist the injured off the battlefield I'm a non-combatant and a man of peace I am one of the protected People and all agents of government are hereby assigned the title of fiduciary to me as such it is your duty and their duty to protect me as a high priority I am a man of goodwill.
>
> . . .
>
> To the State of Missouri and the City of Saint Louis are hereby required to provide proof of a copy of the contract or any other commercial agreement for which the State of Missouri and the City of Saint Louis are the holders in due course, in which I agreed to abide by rules of the State of Missouri. If the City of Saint Louis or State of Missouri cannot provide me such, which surely they cannot, then the case against my person must be dismissed with prejudice.

3

. . .

> I reserve my right to carry on my own private business in my own way. My power to contract is unlimited. I owe no duty to the State to divulge my business, or to open my doors to an investigation, so far as such may tend to incriminate myself. I owe no such duty to the State, since I received nothing there from beyond the protection of my life and property.

*Id.* at 3-5. The attachment contains similar assertions. It contains no factual allegations concerning the statements on the form complaint about the alleged civil rights violations at the St. Louis City Justice Center.

Independent review of Missouri Case.net, the State of Missouri's online docketing system, shows that in October of 2023, Plaintiff pleaded guilty to second-degree assault and first-degree property damage. *See State v. Isaiah Laron Tisdale,* No. 2322-CR00257-01 (22nd Jud. Cir. 2023). He was sentenced to a prison term, but the execution of sentence was suspended, and he was placed on probation. *See id.*

## Discussion

Plaintiff does not properly identify the basis for this Court's jurisdiction over this action. However, liberally construing the complaint, Plaintiff can be understood to invoke this Court's federal question jurisdiction and assert claims pursuant to 42 U.S.C. § 1983.

Plaintiff has named the State of Missouri as a defendant in this matter. The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district

court for dismissal). There are two exceptions to Eleventh Amendment immunity: where Congress has statutorily abrogated such immunity by clear and unmistakable language, and when a state waives its immunity. The first exception does not apply in this case because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 67 (1989). The second exception does not apply because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600. As a result, Plaintiff's claims against the State of Missouri must be dismissed.

Plaintiff has also named the City of St. Louis as a defendant. A local government entity can be held liable for a constitutional violation that results from an official municipal policy, an unofficial municipal custom, or a failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), *Robbins v. City of Des Moines,* 984 F.3d 673, 681-82 (8th Cir. 2021). Here, the complaint and attachment contain no non-conclusory allegations that a constitutional violation resulted from a municipal policy or custom, or from a failure to train or supervise. As a result, the complaint fails to state a viable claim against the City of St. Louis.

In the statement of claim section of the complaint form, Plaintiff states he suffered numerous violations of his civil rights while incarcerated in the St. Louis City Justice Center. However, his statements are nothing more than the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations

must be enough to raise a right to relief above the speculative level"). The Court will not assume facts that Plaintiff has not alleged. *See Stone*, 364 F.3d at 914.

Finally, in the attachment to the complaint, Plaintiff appears to claim the State of Missouri lacks jurisdiction to enforce its laws against him. Plaintiff's arguments are of the type often asserted by those who believe they are special or "sovereign" citizens, arguments that have been rejected as frivolous by the Eighth Circuit and other federal courts around the country. This Court rejects Plaintiff's arguments without extended discussion. *See, e.g.*, *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (court found argument "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources or discussion."); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" theory as having "no conceivable validity in American law"); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous – "These theories should be rejected summarily, however they are presented."); *United States v. Sterling,* 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Simonson*, 563 F. App'x. 514 (8th Cir. 2014) (rejecting as frivolous the appellants' arguments "that they are special, sovereign citizens").

For the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and will deny as moot Plaintiff's motion to appoint counsel. The Court finds there could be no basis for a non-frivolous argument on appeal, and therefore certifies that an appeal from this dismissal would not be taken in good faith.

Accordingly,

6

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of July, 2024.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE